cerned in the violation, except the defendant himself. The writ refers to the bill of complaint, for the description of the thing enjoined, and, as that had been already served on the defendant, he, perhaps, would have been chargeable with notice of it; but, as to all other persons, this reason would not apply. The writ, as a general rule, ought to contain a concise description of the particular acts, or things, in respect to which the party is enjoined, so that there may be no misapprehension on the subject.

The second answer to the motion is in respect to the two bridges at Pittsford. As concerns these, the affidavits on the part of the defendant show that the patent fee has been paid, according to the agreement between the parties. Both the defendant and Filkins prove this fact, and that the plaintiff agreed to give a receipt for the payment.

Affidavits are produced, tending to show that the plaintiff was not the first and original inventor of the thing patented, with a view to affect this motion. But these affidavits are immaterial and irrelevant. That question was settled, so far as the injunction is concerned, when the writ was granted; and, besides, the defendant is constructing bridges by agreement, under the patent.

The same may be said as to the action of the canal board. That took place, adopting a previous proposition of the plaintiff, as late as the 17th of April, 1858. This was after the infringement charged in the bill, and after the allowance of the injunction.

My conclusion, upon the whole, is, that the motion for the attachment must be denied. But, as I am of opinion that the completion of the bridge at Syracuse was a violation of the injunction, and that the defendant is protected from the consequences only by the defect in the service of the writ, I shall allow no costs to him.

The motion is denied, without costs.

---

## Case No. 17,518.

### WHIPPLE v. LEVETT et al.

[2 Mason, 89.] [1]

Circuit Court, D. Rhode Island.   June Term, 1820.

CONTRACTS—NOTE PAYABLE IN GOODS—"FACTORY PRICES" CONSTRUED.

In a note given for the payment of a sum of money in specific articles, at "factory prices," the terms, "factory prices," are to be construed, the prices at which such goods are sold at factories, unless there be proof of a different technical sense universally established by the custom of trade.

Assumpsit [by John Whipple against Thaddeus & Joshua Levett] on a special note dated the 23d of November, 1819, for the payment of a sum of money in certain goods, "at factory prices," signed by Joshua Levett.

At the trial two points were made by Mr. Searle for defendants. 1st. That there never was any joint promise by the defendants. 2d. That "factory prices" did not mean such prices as goods are sold for at the factories; but had a technical meaning, known to the trade, and referred to prices which had been annexed to like goods at the original establishment of the manufacturing establishments in Rhode-Island, and which were known by the name of "Old Ticket Prices." He admitted that these old ticket prices were in most cases fifty per cent. above the prices for which the goods could be obtained at the factories. Parol proof was admitted to show whether the words "factory prices," had acquired any uniform technical meaning in the sense contended for, but the evidence was extremely contradictory, and it appeared that goods had not for many years been bought or sold with reference to old ticket prices, and to some of the articles enumerated in the note, no old ticket prices had ever been affixed.

Mr. Whipple, for himself, argued e contra on both points.

STORY, Circuit Justice. The construction of the terms of this note, is matter of law; and I am of opinion, that the terms "factory prices," in this note must be understood according to their common meaning, that is, the prices at which goods may be bought at the factories, in contradistinction to prices of goods bought in the market after they have passed into the hands of third persons or shopkeepers. If it had appeared in evidence that the terms had acquired a uniform technical sense, universally known and understood in the community, and brought home to the knowledge of the parties to this note, it might have been proper to construe the terms with reference to such universal usage. But no such usage is proved; and it would be strange indeed, if persons now contracting, should have reference to prices established twenty years ago, and not now referred to in practice in cases of real purchases and sales, to fix the terms of their bargains. In the present case, there is a still stronger reason for construing this note according to the plain sense of the terms, because some of the enumerated articles are proved never to have had any "old ticket prices" annexed to them. The terms "factory prices," must, therefore, have been used in the common sense, the only sense in which they could apply to all of them, and the parties manifestly intended to apply them to all.

The jury found a verdict for the defendants on the other point.

---

## Case No. 17,519.

### WHIPPLE v. MIDDLESEX CO.

[See Case No. 17,520.]

[1] [Reported by William P. Mason, Esq.]